UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KATIE MERKLE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. SAG-25-3737 |
| MEDTRONIC, INC., | * | |
| Defendant. | * | |

**MEMORANDUM ORDER**

Plaintiff Katie Merkle, who is self-represented, filed the above-captioned action against Defendant Medtronic, Inc. (Medtronic) on November 14, 2025, in which she asserts a variety of state law tort and statutory claims related to the Medtronic Active Deep Brain Stimulation system that was implanted into Ms. Merkle, which allegedly caused her severe and permanent injuries. ECF No. 1.[1] Pending before the Court is Ms. Merkle's motion for expedited discovery (ECF Nos. 5, 9[2]), which is fully briefed (ECF Nos. 16, 18). On January 14, 2026, the Honorable Stephanie A. Gallagher referred the pending motion to the undersigned for resolution pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302 (D. Md. Dec. 1, 2025). ECF No. 19. No hearing is necessary. Local Rule 105.6. For the reasons set forth below, the motion is denied.

Ms. Merkle "seeks early production of basic material-identification and toxicology information" for the Medtronic Deep Brain Stimulation system implanted in her brain. ECF No. 5 at 1.[3] She contends she seeks "only the foundational material and safety information necessary

---

[1] Ms. Merkle subsequently filed a supplement to her Complaint. ECF No. 10.

[2] Ms. Merkle also filed a supplement to her motion in which she highlights Medtronic's allegedly exclusive control of the information she seeks, as well the need for the requested expedited discovery to facilitate Ms. Merkle's medical care. ECF No. 9.

[3] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system printed at the top of the cited document.

for her treating clinicians to evaluate an ongoing medical condition that cannot be assessed without the manufacturer's data." *Id.* at 1–2.  Medtronic counters that Ms. Merkle's claims are expressly and impliedly preempted and otherwise fail to state a claim upon which relief may be granted, arguments it will advance in its forthcoming responsive pleading.  ECF No. 16 at 2, 8.  Medtronic further argues that expedited discovery "is strongly disfavored and granted only upon a clear showing of good cause," which Ms. Merkle has not met.[4]  *Id.* at 1.

Generally speaking, the Federal Rules of Civil Procedure and this Court's Local Rules contemplate that discovery will not commence "before the parties have conferred as required by Rule 26(f)," Fed. R. Civ. P. 26(d)(1), and "a scheduling order is entered," Local Rule 104.4.  Nevertheless, the Federal Rules allow for expedited discovery in limited circumstances.  *E.g.*, *Courthouse News Serv.* v. *Harris*, Civil Action No. ELH-22-548, 2022 WL 3577255, at *3 (D. Md. Aug. 18, 2022).  Rule 26(d)(1) authorizes a party to seek discovery before the Rule 26(f) conference "when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d)(1).  "Rules 30(a)(2) and 34(b)(2)(A) further allow the court to expedite the timelines for responding to document requests and for depositions."  *Blades of Green, Inc.* v. *Go Green Lawn & Pest, LLC*., Civil Action No. SAG-22-176, 2022 WL 326473, at *10 (D. Md. Feb. 3, 2022); *see also L'Occitane, Inc.* v. *Trans Source Logistics, Inc.*, Civil Action No. WMN-09-2499, 2009 WL 3746690, at *1 (D. Md. Nov. 2, 2009) (discussing the availability of expedited discovery in the form of document requests and depositions under the Federal Rules of Civil Procedure).

---

[4] Medtronic also avers that the Court should deny the motion because Ms. Merkle failed to confer with opposing counsel before filing a discovery motion, as required by Local Rule 104.7 (D. Md. Dec. 1, 2025).  This rule provides that the "Court will not consider any discovery motion unless the moving party has filed a certificate" that recites details pertinent to counsel's attempt to informally resolve the discovery dispute and outstanding matters for the Court's attention.  While not dispositive, the undersigned notes that Ms. Merkle's failure to comply with Local Rule 104.7, together with the fact that "the defendant has not had a chance to file a responsive pleading," *Banks* v. *Fair*, Civil Action No. PX-21-2912, 2022 WL 14563221, at *3 (D. Md. July 29, 2022), counsels in favor of finding that the instant motion is premature.

The Federal Rules of Civil Procedure do not set forth, and the United States Court of Appeals for the Fourth Circuit has not established, a standard for evaluating requests for expedited discovery. *Does 4* v. *Musk*, Civil Action No. TDC-25-462, 2025 WL 1505305, at *2 (D. Md. May 27, 2025); *L'Occitane, Inc.*, 2009 WL 3746690, at *2. This Court, however, has "adopted a reasonableness standard . . . , determining whether the request is supported by good cause, considering the totality of the circumstances." *Brightview Grp., LP* v. *Teeters*, Civil Action No. SAG-19-2774, 2019 WL 11660174, at *1 (D. Md. Nov. 6, 2019). This assessment involves consideration of the following relevant factors:

> 1. whether a motion for preliminary injunction is pending; 2. the breadth of the requested discovery; 3. the reasons the moving party is requesting expedited discovery; 4. the burden on the opponent to comply with the request for expedited discovery; 5. whether the information sought expeditiously could be obtained more efficiently from some other source; 6. the extent to which the discovery process would be expedited; and 7. whether a motion to dismiss for failure to state a claim is pending.

*Does 4*, 2025 WL 1505305, at *2 (collecting cases).

Analysis of these factors reveals that Ms. Merkle has not established good cause for expedited discovery. The first factor weighs against expedited discovery as no motion for a preliminary injunction is pending. The second factor also weighs against expedited discovery because Ms. Merkle's expedited discovery requests are ill-defined. Ms. Merkle contends that she seeks "only material lists, constituent identification, existing toxicology summaries, and existing degradation or biocompatibility profiles," but the four categories of requested discovery she itemizes in her motion appear to encompass a vast array of information and documents.[5]

---

[5] Ms. Merkle requests the following categories of discovery:

1. Material-identification information for all components of the Medtronic Activa DBS leads and the retained implanted lead, including all materials, additives, and constituents.

3

ECF No. 5 at 3–4.  These are not narrowly tailored discovery requests suited for expedited discovery.  *E.g.*, *Epic Games, Inc.* v. *Atas*, No. 5:25-CV-318-M-BM, 2025 WL 2394877, at *3 (E.D.N.C. Aug. 18, 2025) ("For the second factor, in order to justify expedited discovery, the proposed discovery requests should be narrowly tailored to focus on information believed to be probative of the issue at hand.") (internal quotation marks and citation omitted).

The third factor also counsels against approving expedited discovery, as the categories of discovery Ms. Merkle seeks do not relate to the legal claims she advances in this action.  Decisions of this Court have identified an array of legal issues for which expedited discovery may be warranted.  *E.g.*, *FrenchPorte, LLC* v. *C.H.I. Overhead Doors, Inc.*, Civil Action No. GJH-20-467, 2021 WL 242499, at *8 (D. Md. Jan. 25, 2021) (jurisdictional discovery); *Cook* v. *Nationwide Ins. Co.*, 962 F. Supp. 2d 807, 824 (D. Md. 2013), *as amended* (Oct. 3, 2013) (costs and attorney's fees); *L'Occitane, Inc.*, 2009 WL 3746690, at *1 (preliminary injunction); *Superior Bank, F.S.B.* v. *Tandem Nat. Mortg., Inc.*, 197 F. Supp. 2d 298, 313 (D. Md. 2000) (successor liability).  The common thread running through these cases is that the scope of expedited discovery was directly connected to legal issues before the Court.  In contrast, here, Ms. Merkle seeks expedited discovery to assist with her medical care, which is no doubt vitally important, but nevertheless falls outside the scope of this Court's adjudication of her claims and other relief sought from the Court.  *E.g.*, *Epic Games, Inc.* v. *Atas*, 2025 WL 2394877, at *3; *FrenchPorte, LLC*, 2021 WL 242499, at *9.

---

2. Existing toxicology, biocompatibility, or degradation data for those materials or their known or potential breakdown products.

3. Summary documents addressing corrosion, aging, leaching, migration, or breakdown relevant to long-term implantation.

4. Any reproductive- or developmental-safety information concerning these materials, or a written statement if none exists.

ECF No. 5 at 4 (bold removed).

4

The fourth factor further counsels against expedited discovery. Medtronic argues that Ms. Merkle's expedited discovery requests would require it to "search for, collect, and produce studies and data regarding a broad array of issues pertaining to her [Medtronic Deep Brain Stimulation] system, as well as 'summary documents' about these studies and data," all of which "would significantly and unfairly burden Medtronic." ECF No. 16 at 5. The undersigned concurs. For the reasons set forth previously with respect to factor two, Ms. Merkle's expedited discovery requests are not narrowly tailored and have the potential to encompass an undefined and potentially large swath of documents and other discovery.

It is unclear what weight the fifth factor carries. Ms. Merkle contends that the information she seeks is exclusively in Medtronic's control. ECF No. 5 at 2–3; *see also* ECF No. 9. On the other hand, Medtronic argues that medical studies "may be equally available" to Ms. Merkle. ECF No. 16 at 6. This factor therefore lies in equipoise. Likewise, because it is unclear based on the existing record whether the requested expedited discovery would advance discovery in this action, the sixth factor carries no weight in favor or against expedited discovery.

The seventh factor also weighs against expedited discovery, as Medtronic has represented that it will move to dismiss Ms. Merkle's claims on or before the January 28, 2026 responsive filing deadline, which is less than two weeks away. ECF No. 16 at 2.

On balance, the factors counsel against approval of expedited discovery, which, as noted, is authorized in limited circumstances only. In light of the foregoing, Ms. Merkle's motion for expedited discovery (ECF No. 5) is DENIED.

IT IS SO ORDERED.

Date:  January 15, 2026                                    /s/
                                                    Erin Aslan
                                                    United States Magistrate Judge